**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

---

MY MEMBER INSURANCE AGENCY, LLC,

Plaintiff,

vs.

UNITED STATES SMALL BUSINESS ADMINISTRATION; KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration; and FOUNTAINHEAD SBF, LLC,

Defendants.

Case No. 2:26-cv-13779

Hon.

---

# COMPLAINT FOR JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, DECLARATORY AND EQUITABLE RELIEF, VACATUR OF AGENCY ACTION, AND DAMAGES

---

*There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the Complaint.*

Plaintiff My Member Insurance Agency, LLC, by and through its undersigned counsel, states as follows in support of its Complaint for Judicial Review under the Administrative Procedure Act, Declaratory and Equitable Relief, Vacatur of Agency Action, and Damages against Defendants United States Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the United States Small Business Administration, and Fountainhead SBF, LLC as follows:

## NATURE OF THE ACTION

1. This action arises from the denial of forgiveness of a Paycheck Protection Program ("PPP") loan issued to Plaintiff My Member Insurance Agency, LLC ("Plaintiff" or "MMIA") pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and from the subsequent denial of MMIA's administrative appeal challenging that determination.

2. Congress enacted the PPP to provide emergency economic assistance to businesses affected by the COVID-19 pandemic and intended that qualifying borrowers who used loan proceeds for authorized purposes would be eligible for loan forgiveness. MMIA applied for, received, and used PPP loan proceeds in accordance with the purposes and requirements of the program.

3. SBA approved MMIA's PPP loan in the amount of $401,900.00 after reviewing MMIA's application and supporting documentation.

4. MMIA subsequently submitted a timely forgiveness application and supporting documentation and fully cooperated throughout the forgiveness review process.

5. Fountainhead SBF, LLC ("Fountainhead"), underwrote MMIA's PPP loan application and serviced the loan, and acted as the lender and servicer designated by SBA for the forgiveness review. Fountainhead recommended that MMIA receive forgiveness of the loan in its entirety.

6. On March 4, 2022, after approximately fifteen months of review, SBA issued a Final Loan Review Decision denying forgiveness in its entirety and reducing the forgiveness amount from $401,900.00 to $0.00. **Exhibit A** – SBA March 4, 2022 Final SBA Loan Review Decision Denying Forgiveness.

7. The SBA's Final Loan Review Decision did not allege fraud, misuse of PPP funds, unauthorized expenditures, or bad faith conduct by MMIA. Rather, SBA asserted only that the documentation provided was insufficient to support forgiveness and to verify the maximum loan amount.

8. SBA directed Fountainhead to provide the decision to the borrower within five business days, but Fountainhead did not transmit the decision to MMIA until March 15, 2022 — eleven days after the decision issued. Fountainhead later admitted that its borrower notifications were delayed because it was understaffed and backlogged. **Exhibit B** – Fountainhead March 15, 2022 Email Transmitting Denial Decision to MMIA.

9. In the weeks that followed, MMIA worked with Fountainhead to assemble the documentation SBA had identified as missing and, based on an April 8, 2022 communication from SBA, Fountainhead and MMIA understood that additional time existed to pursue relief. MMIA relied on that understanding. **Exhibit C** – April 6, 2022 SBA Communication Identifying Missing Documentation.

10. MMIA filed its appeal with SBA's Office of Hearings and Appeals ("OHA") on April 15, 2022 — the deadline that the OHA Case Portal displayed to MMIA. OHA nonetheless dismissed the appeal as untimely, calculating the deadline from an earlier receipt date, and never reached the merits of MMIA's challenge to the denial of forgiveness. **Exhibit D** – OHA's June 13, 2022 Order Dismissing Appeal as Untimely.

11. Following dismissal, MMIA timely sought reconsideration pursuant to 13 C.F.R. § 134.1211(c). **Exhibit E –** MMIA's June 21, 2022 Request for Reconsideration. OHA denied reconsideration on July 7, 2022, thereby rendering the dismissal final and foreclosing any administrative review of the merits of MMIA's forgiveness claim. **Exhibit F** – OHA's July 7, 2022 Denial of Reconsideration.

12. This action challenges two separate agency actions under the Administrative Procedure Act:

a) SBA's March 4, 2022 Final Loan Review Decision denying forgiveness; and

b) OHA's June 13, 2022 dismissal of MMIA's appeal and July 7, 2022 denial of reconsideration, which together constitute the final agency action resulting in the deprivation of MMIA's right to meaningful administrative review.

13. MMIA seeks judicial review, declaratory relief, equitable relief, vacatur of the challenged agency actions, restoration of its opportunity to obtain a determination on the merits of its forgiveness application, and damages against

Fountainhead arising from its failure to timely communicate SBA's decision and its representations regarding the appeal process.

14. This case does not involve fraud, misuse of PPP funds, or ineligible expenditures. Rather, it involves a borrower that was approved for a PPP loan, used the funds for their intended purpose, timely sought forgiveness, and was deprived of merits review because of delayed notice and procedural circumstances outside of its control.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

16. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Sovereign immunity is waived pursuant to 5 U.S.C. § 702.

18. MMIA has exhausted its administrative remedies. Under 13 C.F.R. § 134.1201(d), an appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. MMIA appealed to OHA and sought reconsideration, and OHA's July 7, 2022 denial of reconsideration constitutes final agency action reviewable under 5 U.S.C. § 704.

19. This action is timely, having been filed within the six-year limitations period applicable to civil actions against the United States under 28 U.S.C. § 2401(a).

20. Supplemental jurisdiction over MMIA's state-law claims against Fountainhead exists under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

21. Venue is proper under 28 U.S.C. § 1391(e) as to Defendants SBA and its Administrator because MMIA resides in this District and a substantial part of the events giving rise to the claims occurred in this District, and under 28 U.S.C. § 1391(b) as to Fountainhead because a substantial part of the events giving rise to the claims against it occurred in this District.

22. This Court has personal jurisdiction over Fountainhead, which purposefully directed its loan-servicing and forgiveness-related activities toward MMIA, a Michigan borrower, including by transmitting the SBA decision and appeal-related communications to MMIA in this District.

## **PARTIES**

23. Plaintiff My Member Insurance Agency, LLC is a Michigan limited liability company with its principal place of business in Michigan. MMIA is a credit union service organization wholly owned by Frankenmuth Credit Union ("FCU"). MMIA and FCU are separate legal entities with separate federal employer

identification numbers. Under a written Support Services Agreement, certain FCU employees perform services for MMIA, and payroll for both entities is administered through a shared vendor.

24. Defendant United States Small Business Administration ("SBA") is an agency of the United States.

25. Defendant Administrator of the SBA is sued solely in her official capacity.

26. Defendant Fountainhead SBF, LLC is a Florida limited liability company. MMIA retained Fountainhead to underwrite its PPP loan application and to service the loan and manage the forgiveness process. Although Greater Nevada Credit Union is the lender of record named on MMIA's promissory note, Fountainhead acted as the lender and servicer designated by SBA for the forgiveness review, and SBA transmitted its Final Loan Review Decision to Fountainhead for delivery to MMIA.

## FACTUAL ALLEGATIONS

### A. MMIA'S PPP Loan

27. During the period when the PPP was first introduced and implemented – first the loan program and then the forgiveness process – Congress repeatedly amended the program, often on a near-weekly basis, and SBA issued and revised implementing guidance on a rolling basis. As a result, the specific administrative

parameters governing PPP loans and forgiveness were unsettled and frequently unclear to borrowers, lenders, and loan servicers alike, and participants necessarily administered the program as its requirements continued to evolve. Fountainhead acknowledged this same uncertainty.

28. In April 2020, MMIA applied for a PPP loan under the CARES Act.

29. On or about April 7, 2020, Eric Neumeyer, Chief Executive Officer of MMIA ("Neumeyer") and Donna Haubenstricker, Vice President of Finance for MMIA, executed the original PPP application for MMIA. **Exhibit G** – April 7, 2020 PPP Application.

30. On or about April 28, 2020, SBA approved MMIA's PPP application and authorized a PPP loan in the amount of $401,900.

31. On or about May 12, 2020, Neumeyer executed a Promissory Note as Borrower with Lender Greater Nevada Credit Union in the amount of $401,900. **Exhibit H** – Promissory Note.

32. Upon receipt of the funds, MMIA deposited the loan proceeds into a separate sub-account in order to maintain detailed records concerning the use of the funds. **Exhibit I** - MMIA's Deposit of Loan Proceeds into Separate Sub-Account.

33. MMIA utilized the PPP proceeds for authorized purposes consistent with the CARES Act.

34. MMIA maintained records documenting its use of loan proceeds and compliance with PPP requirements. **Exhibit J** – MMIA's Use of Loan Proceeds and PPP Compliance.

35. At no time did the SBA allege that MMIA committed fraud, submitted false information, or misused PPP funds.

**B. <u>Forgiveness Application</u>**

36. In or about December 2020, MMIA timely submitted an application seeking forgiveness of the PPP loan. **Exhibit K** – MMIA's December 2020 Forgiveness Application (Form 3508EZ).

37. Throughout 2021, MMIA repeatedly sought updates concerning the status of its forgiveness application.

38. During the review process, MMIA received requests for information that had already been supplied with its original application. **Exhibit L** – SBA/Fountainhead's Request for Information Already Supplied.

39. MMIA nevertheless cooperated fully and diligently provided the information requested by SBA and/or Fountainhead. *Id.* at 3-4.

40. Upon information and belief, Fountainhead did not submit its forgiveness determination to SBA until June 8, 2022. **Exhibit M** – Fountainhead's Forgiveness Determination Submitted to SBA on June 8, 2022.

41. Fountainhead recommended forgiveness of the entire loan amount.

42. The forgiveness application thereafter remained under review for approximately fifteen months.

**C. <u>SBA Denial</u>**

43. On March 4, 2022, SBA issued a Final SBA Loan Review Decision. Ex. A.

44. SBA determined that the amount eligible for forgiveness was $0.00. *Id*.

45. SBA stated: "the documentation provided is insufficient to support forgiveness. No documentation in the application period to verify maximum loan amount." Ex. A.

46. SBA did not allege fraud. *See id*.

47. SBA did not allege unauthorized use of PPP funds. *See id*.

48. SBA did not allege misuse of loan proceeds. *See id*.

49. SBA did not identify any specific payroll expenditure that was improper. *See id*.

50. SBA did not explain why it rejected Fountainhead's recommendation that the loan be fully forgiven. *See id*.

51. SBA's stated basis concerned verification of MMIA's maximum loan amount and payroll costs. Because MMIA is a credit union service organization whose payroll is administered together with FCU's through a shared vendor,

MMIA's eligible payroll was documented through records maintained in connection with FCU.

52. MMIA and Fountainhead provided SBA with documentation establishing the separation of the two entities and MMIA's payroll costs, including IRS Forms 941, MMIA's Articles of Organization, its separate federal employer identification number, and the Support Services Agreement between MMIA and FCU. SBA did not address this documentation in its decision.

**D. <u>Delayed Notice and Loss of Appeal Rights</u>**

53. The Final SBA Loan Review Decision advised that the borrower had the right to appeal to OHA within 30 calendar days after the borrower's receipt of the decision. Ex. A.

54. SBA directed Fountainhead, as the lender, to provide a copy of the Final SBA Loan Review Decision to the borrower within five (5) business days of the decision. Ex. A.

55. Fountainhead did not transmit the decision to MMIA until March 15, 2022 – eleven days after SBA issued it. Ex. B.

56. On March 15, 2022, Fountainhead emailed the decision to MMIA, attached an SBA appeals guide, and advised MMIA to complete its appeal submission "in the next 30 days." Ex. B.

57. OHA later determined that MMIA received the Final SBA Loan Review Decision on March 14, 2022, a date reflected in SBA systems.

58. MMIA did not receive the Final SBA Loan Review Decision until March 15, 2022, the date Fountainhead transmitted it, and Fountainhead confirmed in writing that the decision was sent to the borrower on March 15, 2022. Ex. B.

59. The delay in transmitting the decision to MMIA was outside MMIA's control, and Fountainhead admitted that its borrower notifications were delayed because it was understaffed and backlogged.

60. On April 8, 2022, MMIA and FCU contacted SBA to identify the documentation SBA considered missing. In response, SBA listed categories of documents and directed the borrower to work through its lender. Ex. C.

61. Based on that communication, Fountainhead and MMIA understood that additional time existed to pursue relief while the identified documentation was assembled, and Fountainhead later so acknowledged to OHA.

62. MMIA devoted its efforts during this period to assembling the documentation SBA had identified as missing, working with Fountainhead and FCU to gather payroll records, IRS Forms 941, and entity-separation materials.

63. On April 14, 2022, MMIA began its appeal on the OHA Case Portal, which displayed an appeal deadline of April 15, 2022.

64. MMIA completed and filed its appeal on the OHA Case Portal on April 15, 2022, consistent with the deadline the Portal displayed.

65. On June 8, 2022, OHA issued an Order to Show Cause stating that the appeal appeared untimely because MMIA received the Final SBA Loan Review Decision on March 14, 2022 and filed 32 calendar days later. **Exhibit N** – June 8, 2022 Order to Show Cause.

66. MMIA responded to the Order to Show Cause on June 8, 2022, explaining that its filing was delayed by the late receipt of the decision from Fountainhead, a payroll-system conversion, and continued communications with SBA and Fountainhead concerning the required documentation. **Exhibit O** – Fountainhead June 8, 2022 Letter to OHA Acknowledging Delay.

67. Fountainhead separately submitted a letter to OHA dated June 8, 2022, acknowledging its own delays and understaffing and requesting that OHA permit MMIA's appeal to proceed. **Exhibit P** – MMIA's June 8, 2022 Response to the Order to Show Cause.

68. On June 13, 2022, OHA dismissed MMIA's appeal as untimely, relying on the March 14, 2022 receipt date and on 13 C.F.R. § 134.1202(c)(3)(i), which provides that a Judge may not modify the time period governing commencement of a case. Ex. D.

69. On June 21, 2022, MMIA timely sought reconsideration pursuant to 13 C.F.R. § 134.1211(c). Ex. E.

70. On July 7, 2022, OHA denied reconsideration, rendering the dismissal the final decision of SBA and foreclosing any administrative review of the merits of MMIA's forgiveness claim. Ex. F.

71. The Final SBA Loan Review Decision and MMIA's promissory note identify the loan as SBA Loan No. 8127357205. OHA's docket and orders reference "PPP-8127357208," which appears to be a clerical error referring to the same loan.

72. In correspondence submitted to OHA, Fountainhead acknowledged that:

a) it was understaffed;

b) borrower notifications were delayed;

c) MMIA and Fountainhead believed additional time existed to appeal; and

d) Fountainhead requested that OHA permit the appeal to proceed notwithstanding the filing issue. Ex. O.

73. As a direct result of the foregoing conduct, MMIA was denied meaningful review of the merits of its forgiveness application.

**COUNT I**
**ADMINISTRATIVE PROCEDURE ACT – CHALLENGE TO SBA FINAL LOAN REVIEW DECISION**
**(Against SBA)**

74. MMIA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Under the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, ... or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

76. The Court itself must "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." § 706; see also *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 393 (2024) ("The text of the APA means what it says.").

77. The March 4, 2022 Final SBA Loan Review Decision merged into, and is embodied in, the final agency action challenged in this case. Upon exhaustion of the OHA appeal, that decision is subject to judicial review. *See Darby v. Cisneros*, 509 U.S. 137 (1993).

78. The July 7, 2022 OHA denial of reconsideration constitutes final agency action reviewable under 5 U.S.C. § 704. Should the Court set aside OHA's dismissal of MMIA's appeal as untimely, the March 4, 2022 decision is properly before the Court for review or remand.

79. The SBA's determination was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

80. Under the framework set forth in *Ohio v. EPA*, 603 U.S. 279, 292, 144 S. Ct. 2040, 2053, 219 L. Ed. 2d 772 (2024), an agency action is arbitrary and capricious if the agency's action was not "reasonable and reasonably explained." See also *Dial v. Holder*, No. 12-13452, 2013 WL 607836, at *2 (E.D. Mich. Feb. 19, 2013).

81. SBA failed to provide a reasonable basis for rejecting Fountainhead's recommendation of full forgiveness. *See* Ex. A.

82. SBA failed to identify substantial evidence supporting a complete denial of forgiveness. *Id.*

83. SBA failed to consider the documentation MMIA and Fountainhead provided establishing MMIA's eligibility for forgiveness, including IRS Forms 941, MMIA's Articles of Organization and separate federal employer identification number, and the Support Services Agreement documenting the separation of MMIA and FCU and the administration of their shared payroll. *Id.*

84. SBA's decision undermines the purpose of the CARES Act and PPP program.

85. SBA's actions have caused MMIA substantial economic injury.

WHEREFORE, MMIA requests that this Court vacate the Final SBA Loan Review Decision and remand the matter for a determination on the merits.

**COUNT II**
**ADMINISTRATIVE PROCEDURE ACT – CHALLENGE TO OHA DISMISSAL AND DENIAL OF RECONSIDERATION**
**(Against SBA)**

86. MMIA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. On June 8, 2022, the OHA issued an Order to Show Cause asserting that MMIA's appeal was untimely. Ex. N.

88. On June 8, 2022, MMIA filed a response to the Order to Show Cause and explained the circumstances surrounding the timing of its appeal. Ex. P.

89. On June 13, 2022, OHA dismissed MMIA's appeal as untimely without addressing the merits of MMIA's forgiveness challenge. Ex. D.

90. On June 21, 2022, MMIA timely sought reconsideration pursuant to 13 C.F.R. § 134.1211(c). Ex. E.

91. On July 7, 2022, OHA denied reconsideration and allowed the dismissal to stand. Ex. F.

92. The July 7, 2022 denial of reconsideration constitutes final agency action reviewable under the Administrative Procedure Act.

93. In dismissing MMIA's appeal, OHA failed to adequately consider undisputed evidence demonstrating that any late filing resulted from circumstances outside MMIA's control.

94. OHA further failed to adequately consider evidence establishing that MMIA did not receive actual notice of SBA's Final Loan Review Decision until March 15, 2022.

95. OHA improperly relied upon an earlier date reflected in SBA systems despite evidence that the decision had not yet been transmitted to, or received by, MMIA.

96. OHA failed to address whether the appeal period should be measured from the date of actual receipt rather than from an administrative date appearing within SBA records.

97. OHA failed to explain why an appeal period should begin to run before a borrower receives notice sufficient to permit the exercise of appeal rights.

98. OHA's failure to consider evidence of actual receipt rendered its dismissal arbitrary, capricious, and contrary to law.

99. OHA failed to adequately consider that SBA's March 4, 2022 Final Loan Review Decision was not transmitted to MMIA until March 15, 2022.

100. OHA failed to adequately consider Fountainhead's admission that borrower notifications had been delayed because of staffing shortages and internal backlog.

101. OHA failed to adequately consider Fountainhead's request that MMIA be permitted to proceed with its appeal notwithstanding the timing issue.

102. OHA failed to adequately consider Fountainhead's request that MMIA be permitted to proceed with its appeal notwithstanding the timing issue.

103. OHA's dismissal elevated form over substance and deprived MMIA of any administrative review of the merits of its forgiveness application.

104. OHA's actions were arbitrary, capricious, an abuse of discretion, contrary to law, unsupported by substantial evidence, and inconsistent with the purposes of the CARES Act and PPP program.

105. OHA failed to provide a reasoned explanation for refusing to afford relief despite undisputed evidence that the lender's conduct contributed to the filing issue.

106. OHA's interpretation and application of the appeal deadline was excessively rigid and resulted in manifest injustice.

107. As a direct result of OHA's actions, MMIA was denied any adjudication of the merits of its PPP forgiveness claim.

108. OHA's dismissal of MMIA's appeal as untimely, entered after MMIA invoked and participated in the OHA process, is itself reviewable final agency action. *See Smith v. Berryhill*, 587 U.S. 471 (2019).

109. The 30-day deadline in 13 C.F.R. § 134.1202(a) is a non-jurisdictional claim-processing rule subject to equitable tolling. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17 (2017); *Baro v. Blanche*, 179 F.4th 422 (6th Cir. 2026).

110. The deadline runs from the borrower's actual receipt of the decision. 13 C.F.R. § 134.1202(a). MMIA received the decision on March 15, 2022, and OHA's contrary finding that MMIA received it on March 14, 2022 was unsupported by the record.

111. When MMIA began its appeal on April 14, 2022, the OHA Case Portal displayed an appeal deadline of April 15, 2022, and MMIA filed by that date. OHA acted arbitrarily in dismissing the appeal as untimely without addressing the deadline the agency's own Portal displayed to MMIA.

112. To the extent MMIA's appeal was filed after the applicable deadline, MMIA is entitled to equitable tolling. MMIA pursued its rights diligently, and extraordinary circumstances beyond its control — Fountainhead's eleven-day delay in transmitting the decision, Fountainhead's admitted understaffing and backlog, and

the confusion created by SBA's April 8, 2022 communication — prevented a timely filing. *See Baro v. Blanche*, 179 F.4th 422 (6th Cir. 2026).

113. Enforcement of the deadline to bar all review under these circumstances, where MMIA filed by the date the OHA Case Portal displayed to it, elevates form over substance and offends fundamental fairness.

114. Should the Court set aside OHA's dismissal, the appropriate remedy is a remand for the agency to consider MMIA's appeal on the merits in the first instance. *See Smith v. Berryhill*, 587 U.S. 471 (2019).

WHEREFORE, Plaintiff requests that the Court:

A. Declare that OHA's dismissal of MMIA's appeal and denial of reconsideration were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

B. Vacate the June 13, 2022 dismissal order and July 7, 2022 reconsideration denial;

C. Remand the matter to OHA with instructions to consider MMIA's appeal on the merits;

D. Alternatively, remand the matter to SBA for a merits determination of MMIA's forgiveness application;

E. Declare that MMIA first received actual notice of the SBA Final Loan Review Decision on March 15, 2022;

F. Declare that MMIA's April 15, 2022 appeal was timely because MMIA filed by the deadline the OHA Case Portal displayed to it;

G. Alternatively, hold that any late filing of the appeal is excused by equitable tolling; and

H. Award Plaintiff its costs and such further relief as the Court deems just and proper.

**COUNT III**
**NEGLIGENCE**
**(Against Fountainhead)**

115. MMIA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116. Independent of any contractual obligation, Fountainhead owed MMIA a duty to exercise reasonable care in servicing the PPP loan and in transmitting SBA's decisions and appeal-related information to MMIA. SBA directed Fountainhead to deliver the Final SBA Loan Review Decision to the borrower within five business days, and Fountainhead undertook to guide MMIA through the appeal process.

117. Fountainhead voluntarily undertook responsibility for communicating SBA decisions and providing information regarding appeal rights and procedures to PPP borrowers, including MMIA.

118. Having undertaken those responsibilities, Fountainhead owed MMIA a duty to exercise reasonable care in carrying them out.

119. Fountainhead breached that duty by:

a. failing to timely deliver the SBA denial decision;

b. providing inconsistent and confusing guidance regarding the running and computation of the appeal deadline;

c. creating confusion regarding available remedies;

d. failing to provide prompt and accurate information regarding appeal procedures; and

e. mishandling the administration of MMIA's forgiveness application.

120. Fountainhead admitted that staffing shortages and backlog affected its communications with borrowers.

121. As a direct and proximate result of Fountainhead's negligence, MMIA lost its opportunity for meaningful review of its forgiveness determination and sustained damages.

WHEREFORE, MMIA requests judgment against Fountainhead for compensatory damages, costs, interest, and all other relief permitted by law.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**
**(Against Fountainhead)**

122. MMIA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123. Fountainhead supplied information to MMIA concerning the denial decision, available remedies, and timing of appeal rights.

124. Fountainhead represented that it was seeking to resolve the matter outside the standard appeal process and that additional time existed to pursue relief.

125. Fountainhead failed to exercise reasonable care in providing such information.

126. MMIA justifiably relied upon Fountainhead's representations in deciding how and when to pursue its appeal.

127. Such reliance caused MMIA to lose or impair its administrative appeal rights.

128. MMIA has suffered damages as a result.

WHEREFORE, MMIA requests judgment against Fountainhead for all damages caused by its misrepresentations.

**COUNT V**
**PROMISSORY ESTOPPEL / EQUITABLE ESTOPPEL**
**(Against Fountainhead)**

129. MMIA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

130. Fountainhead represented that it was attempting to resolve MMIA's forgiveness dispute outside the ordinary appeals process and that MMIA would not lose its ability to seek review while those efforts were ongoing.

131. Fountainhead expected MMIA to rely on those representations.

132. MMIA reasonably relied on those representations.

133. MMIA changed its position in reliance on such representations.

134. Injustice can be avoided only through equitable relief and an award of damages.

WHEREFORE, MMIA requests appropriate equitable and monetary relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff My Member Insurance Agency, LLC respectfully requests that this Court enter judgment in its favor and grant the following relief :

A. Declare pursuant to 28 U.S.C. § 2201 that SBA's March 4, 2022 Final Loan Review Decision was arbitrary, capricious, an abuse of discretion, contrary to law, unsupported by substantial evidence, and otherwise invalid under the Administrative Procedure Act;

B. Declare that OHA's June 13, 2022 dismissal of MMIA's appeal and July 7, 2022 denial of reconsideration were arbitrary, capricious, an abuse of discretion, contrary to law, and inconsistent with the purposes of the CARES Act and PPP program;

C. Vacate the March 4, 2022 SBA Final Loan Review Decision;

D. Vacate the June 13, 2022 OHA dismissal and the July 7, 2022 denial of reconsideration;

E. Declare that MMIA received actual notice of SBA's Final Loan Review Decision on March 15, 2022 and filed its appeal on April 15, 2022, by the deadline the OHA Case Portal displayed to it;

F. Alternatively, hold that any late filing of MMIA's appeal is excused by equitable tolling;

G. Declare that enforcing the appeal deadline to bar all review under these circumstances, where MMIA filed by the deadline the OHA Case Portal displayed, is contrary to law;

H. Remand the matter to OHA with instructions to adjudicate MMIA's appeal on the merits;

I. Alternatively, remand the matter directly to SBA with instructions to reopen and reconsider MMIA's forgiveness application on the merits and to permit supplementation of the administrative record;

J. Declare that MMIA was deprived of a meaningful opportunity to obtain administrative review through no fault of its own and that any procedural default was caused, in whole or in part, by the actions and representations of Fountainhead;

K. Award compensatory damages against Fountainhead in an amount to be determined at trial;

L. Award consequential damages arising from the loss of MMIA's administrative appeal rights and continued enforcement of the PPP loan obligation;

M. Award prejudgment and post-judgment interest as permitted by law;

N. Award costs, expenses, and attorneys' fees to the fullest extent permitted by applicable law; and

O. Grant such other and further legal or equitable relief as the Court deems just, proper, and necessary to effectuate the purposes of the CARES Act and prevent manifest injustice.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable, including its state-law claims against Fountainhead. Plaintiff's claims against the SBA under the Administrative Procedure Act are claims for judicial review on the administrative record and are not triable to a jury.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Luke D. Wolf*
Luke D. Wolf (P81932)
Caitlin K. Urisko (P87805)
*Counsel for Plaintiff*
37000 Woodward Ave., Ste. 225

Bloomfield Hills, MI 48304
(313) 756-6404 | (313) 406-7373 (fax)
lwolf@grsm.com
curisko@grsm.com

Dated: October 5, 2026

**VERIFICATION**

I, Eric Neumeyer, declare as follows:

1. I am an authorized representative of Plaintiff My Member Insurance Agency, LLC.

2. I have read the foregoing Complaint and know the contents thereof.

3. The factual allegations contained in the Complaint are true and correct to the best of my knowledge, information, and belief, and if called as a witness I could competently testify thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 8/19/26

By: ______________________
Eric Neumeyer
Authorized Representative
My Member Insurance Agency, LLC